DAVIS WRIGHT TREMAINE LLP
   Jacob M. Harper (SBN 259463)
   *jharper@dwt.com*
   James H. Moon (SBN 268215)
   *jamesmoon@dwt.com*
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017-2566
Telephone:  (213) 633-6800
Facsimile:  (213) 633-6899

*Attorneys for Defendant*
*The Kroger Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER O'NEIL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER COMPANY, and DOES 1 through 10, inclusive;<br><br>Defendants. | No. 19-4125<br><br>**NOTICE OF REMOVAL**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[From the Superior Court of California, County of Los Angeles, No. 19STCV10050]<br><br>Compl. Filed:       March 25, 2019<br>Action Removed:   May 13, 2019 |

**TO THE CLERK AND TO PLAINTIFF AND HER ATTORNEYS**:

**PLEASE TAKE NOTICE** that Defendant The Kroger Company ("Kroger") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division.  Kroger is entitled to remove this action to federal district court pursuant to 28 U.S.C. §§ 1332(d) and 1441 based on the following:

<u>**State Court Action**</u>

1.     On March 25, 2019, Plaintiff Jennifer O'Neil ("Plaintiff"), purportedly acting on her own behalf and on behalf of all others similarly situated, commenced an action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *O'Neil v. The Kroger Company*, Case No. 19STCV10050 (the "State Court Action").  A true and complete copy of the complaint in the State Court Action served upon Kroger is attached hereto as **Exhibit A** (the "Complaint").

2.     On April 11, 2019, Kroger was deemed served with a copy of the Complaint and a summons from the State Court Action pursuant to Code of Civil Procedure section 415.30 upon its acknowledgment and acceptance of service via mail.  A true and complete copy of the Acknowledgement of Receipt of the summons served upon Kroger (the "Acknowledgment"), as filed in the State Court Action, is attached hereto as **Exhibit B**.

3.     In addition to the Complaint and Acknowledgment, all other pleadings, processes, and orders served upon or received by Kroger in the State Court Action are attached hereto:

  a.     The Summons is attached hereto as **Exhibit C**;

  b.     The Civil Case Cover Sheet is attached hereto as **Exhibit D**;

  c.     The Civil Case Cover Sheet Addendum and Statement of Location is attached hereto as **Exhibit E**;

d.    The Declaration of Matthew T. Theriault Regarding Venue Pursuant to California Code of Civil Procedure Section 1780(d) is attached hereto as **Exhibit F**;

e.    The Notice of Case Assignment is attached hereto as **Exhibit G**;

f.    The Instructions for Handling Unlimited Civil Cases are attached hereto as **Exhibit H**;

g.    The Case Initiating Documents are attached hereto as **Exhibit I**;

h.    The Alternative Dispute Resolution (ADR) Information Packet is attached hereto as **Exhibit J**;

i.    The Peremptory Challenge is attached hereto as **Exhibit K**;

j.    The Order Regarding the Peremptory Challenge is attached hereto as **Exhibit L**;

k.    The Certificate of Mailing is attached hereto as **Exhibit M**;

l.    The Notice of Order Regarding the Peremptory Challenge is attached hereto as **Exhibit N**; and

m.    The Letter from Plaintiff's Counsel dated March 25, 2019 is attached hereto as **Exhibit O**.

## **The Action Is Removable**

4.    The State Court Action is removable to this Court because the Court has original jurisdiction and the Central District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, Los Angeles, California). *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such an action is pending.").

5.    This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA").  CAFA was enacted based on Congress's concern

that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences."  151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005).  CAFA's purpose is to allow "federal court consideration of interstate cases of national importance under diversity jurisdiction."  28 U.S.C. § 1711.

6. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart*, 135 S. Ct. at 554.

7. CAFA extends federal jurisdiction over class actions where:  (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; and (3) the amount in controversy exceeds $5 million.  *See* 28 U.S.C. §§ 1332(d).  As explained below, each of these requirements is satisfied in this case.

### The Minimal Diversity Requirement Is Satisfied

8. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9. Kroger is incorporated under the laws of Ohio, and its principal place of business is in Cincinnati, Ohio.  (*See* Ex. A ¶ 14.)  Thus, for purposes of determining diversity jurisdiction, Kroger is a citizen of Ohio.  *See* 28 U.S.C. § 1332(c)(1).

10. Plaintiff is not a citizen of Ohio.  She is a citizen of California, resides in California, and purchased Kroger's product in California.  (*See* Ex. A ¶ 12.)

11. Although the Complaint purports to name Doe defendants, the citizenship of Doe defendants "shall be disregarded" for purposes of the removal analysis.  28 U.S.C. § 1441(b)(1).

12.    Therefore, there is sufficient (and complete) diversity of citizenship between the relevant parties in this case.

### Plaintiff's Proposed Class Exceeds 100 Members

13.    For a class action to be removable under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(5)(B).

14.    Plaintiff seeks to represent a class of "[a]ll persons who purchased [Kroger's ice cream] Products in the State of California for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present." (Ex. A ¶ 33.)

15.    Plaintiff's proposed class exceeds 100 members.  Plaintiff confirms in the Complaint that the class "is comprised of many thousands of persons throughout the State of California."  (Ex. A ¶ 34.)

### The Amount in Controversy Exceeds $5 Million

16.    Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).  To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions."  *Id.*  Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Id.* at 554.

17.    For purposes of removal only, and without conceding that Plaintiff or the putative class is entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class establish that the amount in controversy exceeds the jurisdiction minimum of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2).

18.    The amount in controversy in this action easily satisfies CAFA's $5,000,000 jurisdictional threshold based on Plaintiff's request for, among other

things, (a) actual damages, (b) statutory damages, (c) punitive damages, (d) attorneys' fees, and (e) injunctive relief. *See Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (noting removing defendant need only show "that the potential damages could exceed the jurisdictional amount"); *Woods v. CVS Pharm., Inc.*, No. 14-0259, 2014 U.S. Dist. LEXIS 13339, at *5 (C.D. Cal. Jan. 30, 2014) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

### *Actual Damages*

19.    In a putative class action, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the [jurisdiction minimum]."  28 U.S.C. § 1332(d)(6).

20.    Plaintiff brought claims under, *e.g.*, California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* (Ex. A ¶¶ 46-58), and California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Proc. Code §§ 1750, *et seq.* (Ex. A ¶¶ 71-83), which provide for restitutionary relief.

21.    As explained in the demand letter sent by Plaintiff's counsel dated March 25, 2019, Plaintiff claims Kroger violated California law by deceptively labeling, advertising, and marketing various unspecified ice cream products.  (*See* Ex. O at 1 & n.2.)

22.    Due to Plaintiff's conclusory assertions, the Complaint appears to implicate every ice cream product potentially sold by Kroger in California for at least the period from March 2015 until full adjudication of the action.  Based on Plaintiff's unspecified definition broadly encompassing all Kroger ice cream products sold in the state of California, actual damages based on, e.g., restitutionary damages—for all potential sales of all such products—could exceed the $5 million jurisdictional threshold on their own.

*Statutory Damages*

23.    In addition, the potential statutory damages alone exceed $5 million. Plaintiff asserts causes of action under the FAL and the CLRA, and further seeks any and all "relief as the Court may deem necessary and appropriate." (Ex. A at Prayer for Relief; *see also id.* ¶ 15 (alleging Kroger "liable to Plaintiff for the events, happenings, and damages hereinafter set forth below"); *id.* ¶ 18 (seeking relief for alleged "damage and detriment of the consuming public").)

24.    The FAL and CLRA both provide for substantial statutory damages, which were put in controversy by Plaintiff's Complaint—either of which independently suffices to demonstrate that the potential damages could exceed the jurisdictional threshold.

25.    Under the FAL, "[a]ny violation of the provisions of this section" is subject to penalties "not exceeding two thousand five hundred dollars ($2,500)." Cal. Bus. & Prof. Code § 17500.  To meet the $5 million minimum, the class must include at least 2,001 individuals (2,001 x $2,500 > $5 million).  As alleged, the putative class includes "many thousands" (conservatively, at least 2,001) individuals.  (Ex. A ¶ 34.)  In addition, Defendants allege that at least 5,000 total units of ice cream products were sold in California during the putative class period. Therefore, the amount in controversy exceeds the $5 million for FAL statutory damages.  *See, e.g.*, *Morey v. Louis Vuitton N. Am., Inc.*, 461 F. App'x 642, 643 (9th Cir. 2011) (multiplying value of potential statutory violation by potential number of putative plaintiffs to find "that the amount in controversy exceeds $5 million."); *Brooks v. Life Care Ctrs. of Am., Inc.*, 2014 U.S. Dist. LEXIS 27539, at *16–17 (C.D. Cal. Feb. 21, 2014) (same; finding amount in controversy satisfied based on value of potential penalties).

26.    Likewise, Plaintiffs' complaint implicates statutory damages under the CLRA, which provides a minimum award of statutory damages of $1,000 per violation.  *See* Cal. Civ. Code § 1780.  Here, to meet the $5 million minimum, the

putative class must contain at least 5,001 members (5,001 x $1,000 > $5 million). For the same reasons as stated above, the putative class is likely more than 5,000 individuals.  (Ex. A ¶ 34.)  Therefore, the amount in controversy independently exceeds $5 million for CLRA statutory damages.  *See, e.g.*, *Morey*, 461 F. App'x at 643; *Brooks*, 2014 U.S. Dist. LEXIS 27539, at *16-17; *Pickman v. Am. Express Co.*, No. 11-5326, 2012 U.S. Dist. LEXIS 9662, at *5 (N.D. Cal. Jan. 27, 2012) ("The amount in controversy is satisfied by multiplying the minimum amount of damages to be sought under the CLRA ($1,000) by the number of alleged violations (5,001).").

27.    For these reasons, the statutory damages amounts potentially at issue in this case bring the amount controversy over $5 million.

### *Punitive Damages*

28.    "The amount in controversy may include punitive damages if recoverable under state law."  *Karn v. Bayview Loan Servicing, LLC*, No. 18-0623, 2018 U.S. Dist. LEXIS 103531, at *11 (C.D. Cal. June 20, 2018).  "The defendant may point to facts alleged in the complaint, the nature of the claims, or evidence in the record to demonstrate that an award of punitive damages is possible." *Petkevicius v. NBTY, Inc.*, No. 14-2616, 2017 U.S. Dist. LEXIS 43636, at *28 n.4 (S.D. Cal. Mar. 24, 2017) (quoting *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1248 (10th Cir. 2012)).

29.    Punitive damages are recoverable under California law in connection with Plaintiff's CLRA cause of action.  *See* Cal. Civ. Code § 1780(a).  In support of such a claim, Plaintiff alleges that the actions purportedly taken by Kroger were "done with conscious disregard of Plaintiff's rights, and [Kroger] was wanton and malicious in its concealment of same."  (Ex. A ¶ 78; *see also id.* ¶ 17 (alleging Kroger "[i]n committing the wrongful acts alleged herein," "planned and participated in and furthered a common scheme by means of false misleading, deceptive, and fraudulent representations to induce members of the public to

purchase the Product."); *id.* ¶ 18 (alleging Kroger "knew" its representations were false and fraudulent and made them in order to obtain "profits of hundreds of thousands of dollars or more to Defendants").)

30.    Punitive damages of well in excess of a one-to-one ratio to total damages has consistently been approved by courts as being reasonable and proper. *See Colombo v. BRP US Inc.*, 230 Cal. App. 4th 1442, 1471 n.15 (2014) ("California courts have been unwilling to apply a one-to-one ratio of punitive to compensatory damages" and have awarded far greater ratios); *Amerigraphics, Inc. v. Mercury Cas. Co.*, 182 Cal. App. 4th 1538, 1564 (2010) (collecting cases supporting the proposition that "California appellate cases indicating that a one-to-one limit is appropriate in most cases"); *Pfeifer v. John Crane, Inc.*, 220 Cal. App. 4th 1270, 1313 (2013) ("California courts 'have adopted a broad range of permissible ratios—from as low as one to one to as high as 16 to 1'").

31.    "A ratio of 1:1 between punitive and economic damages has been described as 'conservative' for purposes of calculating the amount in controversy" under CAFA.  *Bayol v. Zipcar, Inc.*, No. 14-2483, 2015 U.S. Dist. LEXIS 109027, at *24 (N.D. Cal. Aug. 18, 2015) (applying "conservative" 1:1 ratio for punitive damages as allowed under the CLRA to hold that the federal court had jurisdiction under CAFA); *Sloan v. 1st Am. Auto. Sales Training*, No. 16-5341, 2017 U.S. Dist. LEXIS 58476, at *8 (C.D. Cal. Apr. 17, 2017) (same); *Tompkins v. Basic Research LLC*, No. 08-244, 2008 U.S. Dist. LEXIS 81411, at *12 (E.D. Cal. Apr. 22, 2008) (same).  Even a conservative one-to-one ratio would further elevate the amount in controversy above the $5,000,000 CAFA statutory minimum.

### *Attorneys' Fees*

32.    Plaintiff seeks attorneys' fees as permitted by law pursuant to California consumer protection and unfair competition statutes, which provide for attorneys' fees awards to the prevailing party.  (Ex. A at Prayer for Relief.)

33.    In numerous analogous class action cases involving (1) the same California consumer protection statute causes of action, (2) substantially identical allegations of false or misleading statements on product labels, and (3) similar complexity of issues and labeling claims, attorneys have sought in excess of $2-3 million in attorneys' fees. *See, e.g.*, *Brown v. Hain Celestial Group, Inc*., No. 11-3082, 2016 U.S. Dist. LEXIS 20118 (N.D. Cal. Feb. 18, 2016) (UCL, FAL, and CLRA mislabeling class action; seeking approval in excess of $3 million in fees); *Hendricks v. Starkist Co*., No.13-729, 2016 U.S. Dist. LEXIS 134872 (N.D. Cal. Sep. 29, 2016) (same); *Retta v. Millennium Products, Inc*., No. 15–1801, 2017 U.S. Dist. LEXIS 220288 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million).

34.    These amounts should also be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (using "amount of fees commonly incurred in similar litigation" as reasonable measure of attorney's fees to determine amount in controversy).

### *Injunctive Relief*

35.    Plaintiff also seeks injunctive relief.  (Ex. A at Prayer for Relief.)  The "value" of the injunctive relief for purposes of the jurisdictional inquiry depends on the value to the plaintiff or the cost to the defendant if such relief is granted.  *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017); *McCauley v. Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001) ("where the value of a plaintiff's potential recovery (in this case, a maximum of $3,500) is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes").  Here, further establishing that the jurisdictional minimum has been reached, Plaintiff seeks to enjoin Kroger from selling the challenged products at issue in the Complaint.  (*See* Ex. A ¶ 82.)

36.     In sum, based on Plaintiff's assertions and theories of recovery, the amount in controversy well exceeds $5,000,000.

### Kroger Satisfies the Requirements of 28 U.S.C. § 1446

37.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

38.     This Notice of Removal has been filed within thirty days of service of the Complaint and summons on Kroger.

39.     Concurrently with the filing of this Notice, Kroger will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Los Angeles. *See* 28 U.S.C. § 1446(d).

40.     Kroger does not waive, and expressly preserves, all objections, defenses, and exceptions authorized by law, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Kroger removes the State Court Action to this Court.


Dated:  May 13, 2019                 DAVIS WRIGHT TREMAINE LLP
                                     Jacob M. Harper
                                     James H. Moon

                                     By: /s/ Jacob M. Harper
                                        Jacob M. Harper

                                     *Attorneys for Defendant*
                                     *The Kroger Co.*

**DEMAND FOR JURY TRIAL**

Defendant The Kroger Company hereby demands a trial by jury on all issues raised in this action upon which a jury trial is permitted.

Dated:  May 13, 2019

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper
James H. Moon

By: /s/ Jacob M. Harper
Jacob M. Harper

*Attorneys for Defendant*
*The Kroger Co.*