# EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 25 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Celine Cohan (SBN 282661)
ccohan@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff Jennifer O'Neil*

BY FAX

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

JENNIFER O'NEIL, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

THE KROGER COMPANY. and DOES 1 through 10, inclusive,

Defendants.

Case No. 19STCV10050

CLASS ACTION COMPLAINT

1. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*
2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*
3. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. Seq.*

DEMAND FOR JURY TRIAL

Plaintiff Jennifer O'Neil ("O'Neil" or "Plaintiff"), individually and on behalf of all other similarly situated purchasers of Kroger's Deluxe Churned "Artisan" Vanilla Bean Light Ice Cream and Kroger's Deluxe "Artisan" Vanilla Bean Ice Cream, the "Class", brings this lawsuit against The Kroger Company ("Kroger" and/or "Defendant") and Does 1 through 10, inclusive (sometimes collectively referred to herein as "Defendants") upon personal knowledge as to Plaintiff's own acts, and as to all other matters upon information and belief. Plaintiff seeks injunctive relief on behalf of a California class of consumers who within the last four years purchased Kroger's Deluxe Churned "Artisan" Vanilla Bean Light Ice Cream and/or Kroger's Deluxe "Artisan" Vanilla Bean Ice Cream (the "Product(s)"), which were deceptively labeled and advertised as "Artisan," as depicted below:






## INTRODUCTION

1. Kroger labels and advertises the Products as "artisan" vanilla bean ice creams. "Artisan" refers to a high quality or distinctive product made in small quantities, usually by hand using traditional methods by someone skilled in the trade. Artisan foods are handcrafted in small batches, to ensure quality control, as opposed to mass production.

2. However, Kroger does not handcraft or produce the Products in small batches. Kroger mass produces the Products through a highly mechanized process (using mediocre ingredients, including preservatives and artificial flavor enhancers). This is not the "artisanal" quality consumers expect to receive.

3. Yet, Kroger continues to advertise the Products as "artisan" to maximize profits by appealing to popular consumer trends. Kroger has realized that, based on the public's affinity for small batch, high quality foods in a world market that is saturated with processed foods, there is a financial benefit to be derived in selling products claiming to be of artisanal production. Accordingly, Defendant labels and advertises its ice creams as "artisan," even though the Products are not artisanal by any stretch of the imagination.

4. Plaintiff seeks to secure injunctive relief for the Class against Defendant for false and misleading advertising in violation of Business & Professions Code section 17200, *et seq*., Business & Professions Code section 17500, *et seq*. and Civil Code section 1750, *et seq*. Defendant made and continues to make false and misleading statements in its advertising of the Products. Specifically, Defendant labels the Kroger Deluxe Churned "Artisan" Vanilla Bean Light Ice Cream and Kroger Deluxe "Artisan" Vanilla Bean Ice Cream as "artisan" despite the Products' non-specialized, mass production.

5. The false and misleading labeling and advertising of the alleged "artisan" Products violate the California Consumers Legal Remedies Act, particularly California Civil Code sections 1770(a)(5) and 1770(a)(7). As such,

Defendant has committed *per se* violations of Business & Professions Code section 17200, *et seq*., Business & Professions Code section 17500, *et seq*. and Civil Code section 1750, *et seq*.

6. On March 25, 2019, written notice was sent to Defendant Kroger via certified U.S. mail pursuant to Civil Code section 1750, *et seq*., which set forth the contentions of the Class concerning the Kroger's Deluxe Churned "Artisan" Vanilla Bean Light Ice Cream's fraudulent advertising and outlined a demand for substantiation of the above-referenced claims and relief. The Deluxe Churned "Artisan" Vanilla Bean Light Ice Cream is a substantially similar product to Defendant's Deluxe "Artisan" Vanilla Bean Ice Cream, thereby fulfilling the requirements of Civil Code section 1750, *et seq.*

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over all causes of action asserted herein pursuant to the California Constitution, Article VI, section 10, because this case is a cause not given by statute to other trial courts.

8. Plaintiff has standing to bring this action pursuant to Business & Professions Code section 17200, *et seq*.

9. Out-of-state participants can be brought before this Court pursuant to the provisions of Code of Civil Procedure section 395.5.

10. Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between it and California.

11. Venue is proper in this Court because Defendant conducts business in Los Angeles County, Defendant receives substantial compensation from sales in Los Angeles County, and Defendant made numerous misrepresentations which had a substantial effect in Los Angeles County, including, but not limited to, print media, and internet advertisements, and on the Product's packaging and labeling. Moreover, Plaintiff purchased the Products in Los Angeles County.

## PARTIES

12. Plaintiff Jennifer O'Neil is an individual residing in Los Angeles, California. O'Neil purchased the Product in California within the last four (4) years of the filing of this Complaint. Specifically, O'Neil purchased the Product in or around Winter 2018 at a Los Angeles County Ralphs supermarket. When purchasing the Product, O'Neil relied upon the claim "artisan" prominently and conspicuously displayed, front and center, on each and every product package, as well as on all other advertising and promotional material, such as the Kroger website and internet/print advertisements and promotions. O'Neil viewed and relied upon the "artisan" claim both at, and prior to, the point of sale.

13. The advertising statements were prepared and approved by Defendant and its agents and disseminated through its packaging, label, and national advertising media, containing the misrepresentations alleged herein and designed to encourage consumers to purchase the Products. In reliance on the label and marketing of the Product as "artisan," O'Neil understood the Product was produced according to artisan standards in that it was not mass produced through automated mechanization by a non-specialized producer Had O'Neil known the Product was mass produced, and not artisan, she would not have purchased the Product. Plaintiff might want to purchase the Product again in the future if she could be sure that the Products were truly artisan, in that they were carefully crafted in small batches.

14. The Kroger Company is a corporation headquartered in Ohio. Kroger maintains its principal place of business at 1014 Vince Street Cincinnati, Ohio 45202. Kroger offers the Products for sale at stores and retailers as well as through the internet, throughout the nation, including the State of California. Kroger, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Kroger is the owner and distributor of the Products and is the company that created and/or authorized the false, misleading, and deceptive advertisements and packaging for the Products.

15. The true names and capacities, whether individual, corporate, associate or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sue these Defendants by fictitious names. Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon allege that DOES 1 through 10 were authorized to do and did business in Los Angeles County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

16. Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

17. In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products. Defendants participated in the making of such representations in that each did disseminate or cause to be disseminated said misrepresentations.

18. Defendants, upon becoming involved with the manufacture, distribution, advertising, marketing, and sale of the Products, knew or should have known that the claims about the Products and, in particular, the claims suggesting and outright stating that the Products are "artisan" when they do not meet artisanal production standards. Indeed, since the first time that the Products were advertised, Defendants have been aware that they have been falsely representing the

characteristics and effects of the Products. Defendants affirmatively misrepresented the nature and characteristics of the Products in order to convince a certain subsection of the public to purchase and use the Products, resulting in profits of hundreds of thousands of dollars or more to Defendants, all to the damage and detriment of the consuming public. Thus, in addition to the wrongful conduct herein alleged as giving rise to primary liability, Defendants further aided and abetted and knowingly assisted each other in breach of their respective duties and obligations as herein alleged.

## FACTS AND DEFENDANTS' COURSE OF CONDUCT

19. As the growing concern over health and food safety has become more prevalent among the consuming public, so, too, have the incidences of false and misleading claims about such products. It is becoming more commonly known that certain claims on food packaging implies that a food is healthier, safer or produced to higher standards. The term "artisan" is one such claim.

20. In fact, countries such as Spain, Belgium, and Ireland have adopted a legal definition of the term "artisan" in order to ensure that food information is not misleading under the European Union Food Labeling rules. These countries acknowledge that the term carries a *specific meaning* for consumers and have developed legislation to ensure those expectations are met.

21. In an effort to capitalize on consumers' increasing desire (and willingness to pay more) for high quality, trendy products, manufacturers, including Kroger, routinely make false and/or misleading claims about the benefits and characteristics of a product and advertise their products as though they maintain characteristics they do not have and that the manufacturer cannot validate with competent and reliable evidence so as to make receiving the intended benefit illusory.

22. Kroger manufactures, packages, distributes, advertises, markets, and sells food products under the brand name "Kroger." The Products at issue are the

Kroger Deluxe "Artisan" Vanilla Bean Ice Cream and the Kroger Deluxe Churned "Artisan" Vanilla Bean Light Ice Cream.

23. Defendant labels and advertises the Products as "Artisan", a term which appears largely on the front and center of the Product packaging, and which pervades Kroger's entire advertising campaign for this separate and distinct category of products sold by Kroger.

24. Defendant has used the term "artisan" on these Products as opposed to its other ice creams because it knows that the term carries a specific meaning among consumers. "Artisan" indicates a special, careful manufacturing process usually made by hand, which is a specialty product which is distinguished from Defendant's other vanilla ice creams.

25. Defendant's use of the term is specific and measurable. Defendant's "artisan" label is intended to communicate a message to consumers.

26. The Products are marketed and sold throughout retailers in California with this packaging and labeling.

27. In addition to the packaging and labeling of the Products, Defendant's official website (www.kroger.com), commercial and print media reiterate the "artisan" claim on the Products.

28. When purchasing the Product, Plaintiff relied upon the label "artisan" as well as the overall marketing of the Products as "artisan", and was led to believe based on the foregoing, that the Product was of artisanal quality in that it was produced in high quality, small quantities, and by hand using traditional methods—not mass produced through mechanization. Had Plaintiff known the Product was not of artisan production, she would not have purchased the Product.

29. Defendant's labeling and claims about the Products as "artisan" lead consumers to believe that the Products are indeed of artisan standard. This means, therefore, that the public is led to believe the Products, at a minimum, did not

undergo standard mass production. The public is further led to believe the Products will be of a higher standard, healthier, and, therefore, safer.

30. The Products were advertised and promoted and differentiated from its other non-“artisanal” products as “artisan.” They are not artisan products. In point of fact, the Products constitute no characteristics of an artisan product.

31. Accordingly, Kroger’s claims are false, deceptive, and misleading, as the Products are mass produced through mechanization by a corporation that specializes in general food packaging, and distributing.

32. During the course of its false, misleading, and deceptive advertising campaign, Defendant has sold hundreds of thousands of units or more of the Products based upon Defendant’s false promises. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant’s false representations.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> “All persons who purchased the Products in the State of California for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present.”

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

34. The Class is comprised of many thousands of persons throughout the State of California. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was

exposed to the same common and uniform false and misleading advertising and omissions. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

b. Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

c. Whether Defendant's conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

d. Whether Defendant's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

e. Whether Defendant made false and misleading representations in its advertising and labeling of the Products;

f. Whether Defendant knew or should have known that the representations were false;

g. Whether Defendant represented that the Products have characteristics, benefits, uses, or quantities which they do not have; and

h. Whether Defendant knew or should have known that the representations were false.

36. Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendant are uniform and consistent and are contained in advertisements and on packaging that was seen and relied on by Plaintiff and members of the class.

37. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

38. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false, deceptive, and misleading representations.

39. Plaintiff would not have purchased the Product but for the representations by Defendant about the Product.

40. The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions, and by internet publication, radio, newspapers, and magazines.

41. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

42. The trial and the litigation of Plaintiff's claims are manageable.

43. Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for Defendant.

44. Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

**COUNT ONE**

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**

**BUSINESS & PROFESSIONS CODE § 17200, *et seq.***

**(By Plaintiff against all Defendants)**

45. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

46. This cause of action is brought pursuant to Business and Professions Code section 17200, *et seq*., on behalf of Plaintiff and a Class consisting of all persons residing in the State of California who purchased the Products for personal use and not for resale during the time period of four years from the filing of the complaint through the present.

47. Defendant in its advertising and packaging of the Products make false and misleading statements regarding the quality and characteristics of the Products, particularly that it is "artisan". Such claims appear on the label and packaging of the Products which are sold at retailers (including grocery stores such as Ralphs) in California, as well as on print and television advertisement and Kroger's official website.

48. The Merriam-Webster's dictionary defines the term "artisan," as "a person or company that produces something in limited quantities often using traditional methods." *See,* https://www.merriam webster.com/dictionary/artisan.

49. Defendant's claims about the Products lead people, including Plaintiff, to believe that the Products are of artisan quality in that, at a minimum, they do not undergo mechanized mass-production.

50. Defendant does not have any reasonable basis for the claims about the Products made in Defendant's advertising and on Defendant's packaging or label because the Products indeed are mass-produced using automated processes.

51. Defendant knew that the claims that it made and continues to make about the Products are false, and misleading.

52. As alleged in the preceding paragraphs, the misrepresentations by Defendant of the material facts detailed above constitute an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17200.

53. In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17200.

54. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

55. All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

56. Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of the Products. Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to disclose such misrepresentations. to preclude Defendant's failure to disclose the existence and significance of said misrepresentations.

57. Plaintiff and the Class have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendant's false representations.

58. Plaintiff would not have purchased the Product but for the representations by Defendant about the Product as being "artisan".

## COUNT TWO

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS & PROFESSIONS CODE § 17500, *et seq.*

**(By Plaintiff against all Defendants)**

59. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

60. This cause of action is brought pursuant to Business and Professions Code section 17500, *et seq*., on behalf of Plaintiff and the Class consisting of all persons residing in the State of California who purchased the Products for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present.

61. Defendant in its advertising and packaging of the Products make false and misleading statements regarding the quality and characteristics of the Products, particularly that they are "artisan". Such claims appear on the label and packaging of the Products which are sold at retailers (including grocery stores such as Ralphs) as well as on television commercials and Kroger's official website.

62. Defendant's claims about the Products lead people, including Plaintiff, to believe that the Products are of artisan quality in that, at a minimum, they do not undergo mechanized mass-production.

63. Defendant does not have any reasonable basis for the claims about the Products made in Defendant's advertising and on Defendant's packaging or label because the Products indeed are mass-produced using automated processes.

64. Defendant knew that the claims that it made and continues to make about the Products are false and misleading.

65. Plaintiff would not have purchased the Product but for the representations by Defendant about the Product as being "artisan".

66. Plaintiff and the Class have suffered injury in fact as a result of and in reliance upon Defendant's false representations.

67. As alleged in the preceding paragraphs, the misrepresentations by Defendant of the material facts detailed above constitutes an unfair, unlawful, and fraudulent business practice within the meaning of California Business & Professions Code section 17500.

68. In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise which are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business & Professions Code sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business & Professions Code section 17500.

69. Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of the Products. Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to disclose such misrepresentations.

## COUNT THREE

## VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE § 1750, *et seq.*

**(By Plaintiff against all Defendants)**

70. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

71. This cause of action is brought pursuant to Civil Code section 1750, *et seq.*, the Consumers Legal Remedies Act, on behalf of Plaintiff and a Class consisting of all persons residing in the State of California who purchased the Products for personal use and not for resale during the time period of three years prior to the filing of the complaint through the present.

72. The Class consists of thousands of persons, the joinder of whom, is impracticable.

73. There are questions of law and fact common to the class, which questions are substantially similar and predominate over questions affecting the individual members, including but not limited to: (a) Whether Defendant represented that the Products have characteristics, benefits, uses, or quantities which they do not have; (b) Whether the existence, extent, and significance of the major misrepresentations regarding the purported benefits, characteristics, and efficacy of the Products violate the Act; and (c) Whether Defendant knew of the existence of these misrepresentations.

74. The policies, acts, and practices heretofore described were intended to result in the sale of the Products to the consuming public, and violated and continue to violate section 1770(a)(5) of the Act by representing that the Products have characteristics, benefits, uses, or quantities which they do not have.

75. Defendants fraudulently deceived Plaintiff and the Class by representing that the Products have certain characteristics, benefits, uses, and qualities which they do not have. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class, specifically by claiming that the Products are "artisan" when in fact they are mass produced through automated processes without any special care or attention to quality. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

76. Defendant's claims about the Products lead people, including Plaintiff, to believe that the Products are produced according to "artisan" standards.

77. Defendant knew that it could not back the claims concerning the Products' purported "artisan" quality.

78. Defendant's actions as described hereinabove were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of same.

79. Plaintiff and the Class have suffered injury in fact as a result of and in reliance upon Defendant's false representations.

80. The Products as purchased by the Plaintiff and the Class were and are unsatisfactory and worth less than the amount paid for.

81. Plaintiff would not have purchased the Product but for the representations by Defendant about the Product as being "artisan".

82. Pursuant to section 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant, including, but not limited to, an order:

A. Enjoining Defendant from continuing to make the statements set forth above (i.e., "artisan");

B. Enjoining Defendant from continuing to offer for sale any unit of the Products that contains any false and or misleading statements and claims in its advertising or on its packaging and/or its label, including, without limitation, those statements and claims set forth above;

C. Enjoining Defendant from continuing to use the packaging and label that it presently uses for the Products; and

D. Enjoining Defendant from distributing such false advertising and misrepresentations.

83. Plaintiff shall be irreparably harmed if such an order is not granted.

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment and relief on all Causes of Action as follows:

A. An order certifying that the action may be maintained as a Class Action;

B. An order enjoining Kroger from pursuing the policies, acts, and practices complained of herein;

C. Reasonable attorney fees;

D. Costs of this suit; and

E. Such other and further relief as the Court may deem necessary or appropriate.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: March 25, 2019

**CLARKSON LAW FIRM, P.C.**

/s/ Shireen M. Clarkson

Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Matthew T. Theriault, Esq.
Celine Cohan, Esq.
Attorneys Plaintiffs and the Plaintiff Class