| | | | |
|---|---|---|---|
| UNITED STATES DISTRICT COURT | | JS-6 / REMAND | |
| CENTRAL DISTRICT OF CALIFORNIA | | | |
| CIVIL MINUTES—GENERAL | | | |

| Case No. | CV 19-4125-DMG (MAAx) | Date | August 30, 2019 |
|---|---|---|---|
| Title | *Jennifer O'Neil v. The Kroger Company* | Page | 1 of 6 |

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS - ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [18]**

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

The Court incorporates the factual background set forth in its June 11, 2019 Order. [Doc. # 16.]  On May 16, 2019, the Court issued an Order to Show Cause ("OSC") why this case should not be remanded to Los Angeles County Superior Court for improper removal due to lack of subject matter jurisdiction.  [Doc. #13].  On June 11, 2019, the Court, after reviewing the parties' submissions in response to the OSC, *see* Def.'s Resp. to OSC [Doc. # 14]; Pl.'s Reply to OSC [Doc. # 15], discharged the OSC.  [Doc. # 16 ("Discharge Order").]  That Order did not preclude Plaintiff from filing a regularly-noticed motion to remand.  Discharge Order at 4 n.1.

On June 16, 2019, Plaintiff moved to remand the action to state court on the basis that Defendant failed to show that the amount in controversy surpassed the jurisdictional threshold under the Class Action Fairness Act ("CAFA").  Motion to Remand [Doc. # 18 ("MTR")].  The MTR is now fully briefed [Doc. ## 23 ("Opp."), 24 ("Reply")]. Because Defendant has not met its burden to establish the amount in controversy required to litigate in federal court, this Court **REMANDS** the case to Los Angeles County Superior Court.

**II.**
**LEGAL STANDARD**

CAFA affords district courts jurisdiction "over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).  Pursuant to 28 U.S.C. § 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court.

UNITED STATES DISTRICT COURT    JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-4125-DMG (MAAx) | Date | August 30, 2019 |
| Title | *Jennifer O'Neil v. The Kroger Company* | Page | 2 of 6 |

If a complaint does not specify a particular amount of damages and the plaintiff challenges jurisdiction after removal, the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Ibarra*, 775 F.3d at 1197, 1199 ("Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."). In such cases, a district court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "[R]emoval 'cannot be based simply upon conclusory allegations where the [complaint] is silent'" as to the amount of damages. *Id.* (quoting *Allen*, 63 F.3d at 1335). Further, "a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *See Ibarra*, 775 F.3d at 1197.

### III.
### DISCUSSION

Plaintiff does not dispute that she is diverse from Defendant or that her putative class is large enough to satisfy CAFA's 100-member minimum. *See* Compl. at ¶¶ 13-14, 34. She only challenges Defendant's assertion that the amount in controversy exceeds the $5 million jurisdictional threshold for CAFA jurisdiction. MTR. at 1-2.

Defendant submitted no evidence in connection with its Opposition. Nor does its Notice of Removal contain sufficient evidence to carry its burden of proof by a preponderance of the evidence that Plaintiff's class claims are worth more than $5 million. All in all, Defendant provides no evidence that Plaintiff's restitutionary claims, Plaintiff's request for injunctive relief, or Defendants' expected attorneys' fees—individually, or in combination—meet CAFA's amount in controversy requirement. That dearth of evidence means that Defendant's claim to federal jurisdiction rests entirely on whether, as a matter of law, the Court may include certain fines set forth in California Business and Professions Code section 17500 ("section 17500") when calculating the amount in controversy.[1]

---

[1] Defendant argues that the Court should disregard Plaintiff's MTR because it was filed in violation of Local Rule 7-3. The Court declines to do so, because the motion has been fully briefed, the Court prefers to address motions on their merits, and Defendant does not appear to have suffered any actual prejudice since the previous OSC briefing provided a notice of the arguments associated with this motion. See C.D. Cal. L.R. 7-4 ("The Court

UNITED STATES DISTRICT COURT               JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-4125-DMG (MAAx)** | Date | August 30, 2019 |
| Title | *Jennifer O'Neil v. The Kroger Company* | Page | 3 of 6 |

**A.     Defendant Has Not Established the Court's Jurisdiction Because Civil Penalties Are Not a Part of the Amount in Controversy**

     Defendant argues that because Plaintiff claims that her putative class involves "many thousands" of members, the $2,500-per-violation fine provided by California's False Advertising Law ("FAL") brings the amount in controversy beyond the jurisdictional threshold on its own. Opp. at 7. Plaintiff contends that courts may not include section 17500 fines in the amount in controversy because plaintiffs can never recover them.[2] Plaintiff's position is consistent with the statutory text and case law.

     Indeed, section 17500's language indicates that the $2,500 fine on which Defendant relies is a misdemeanor punishment, not statutory damages that a plaintiff may recover. *See* Cal. Bus. & Prof. Code § 17500 ("Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both that imprisonment and fine."). The California Supreme Court has also defined the remedies that private plaintiffs may recover for successful FAL claims to exclude monetary damages. *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002) ("[A]n action for violation of the false advertising law may be brought either by a public prosecutor or by any person acting for the interests of itself, its members or the general public, and the remedies available to a successful private plaintiff include restitution and injunctive relief.") (internal quotations omitted). Alternatively, "*public officers*" appear to be able to recover FAL penalties. *Chern v. Bank of Am.*, 15 Cal. 3d 866, 875 (1976) (emphasis added); *see also Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1140 (S.D. Cal. 1998).

     Defendant attempts to distinguish *Chern* on the basis that it referred to "civil penalties" and section 17500 describes the $2,500 punishment as a "fine." But Defendant makes no meaningful distinction out of this syntactical difference, and Ninth Circuit precedent indicates that, whether or not a statute describes a "fine" or a "penalty," courts may only consider amounts

---

*may* decline to consider a motion unless it meets the requirements of L.R. 7-3 . . . .") (emphasis added); *see also CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) (considering a motion filed in violation of Local Rule 7-3 because "[f]ailure to comply with the Local Rules does not automatically require the denial of a party's motion . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply").

    [2] Defendant's Opposition appears to suggest that the Court's Discharge Order precludes Plaintiff from challenging jurisdiction based on fines under section 17500 due to plaintiffs' inability to recover such fines. Opp. at 1-2. Plaintiff, however, did not make the argument that section 17500 fines are unrecoverable by law in her OSC briefing. [*See* Doc. # 15]. The Court's Discharge Order therefore did not address that issue and does not foreclose Plaintiff from raising it now. [*See* Doc # 16].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | | | |
|---|---|---|---|
| Case No. | **CV 19-4125-DMG (MAAx)** | Date | August 30, 2019 |
| Title | *Jennifer O'Neil v. The Kroger Company* | Page | 4 of 6 |

that plaintiffs (or class members) may themselves recover. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("[T]he amount in controversy includes all relief claimed at the time of removal *to which the plaintiff would be entitled* if she prevails.") (emphasis added); *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)) ("[I]f the *law entitles her to recoup* those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them.") (emphasis added); *see also Hurst v. Nissan N. Am., Inc.*, 511 F. App'x 584, 585 (8th Cir. 2013) (refusing to consider amounts not recoverable as a matter of law). Given that it appears that plaintiffs may not recover the $2,500 section 17500 fine, the Court cannot consider that amount in its amount in controversy calculation.

The cases that Defendant cites to support its argument to the contrary are inapposite. The cases it cites that hold that civil penalties count towards the amount in controversy in the context of California's Private Attorney General Act ("PAGA") are inapplicable because successful PAGA plaintiffs may recover 25% of the civil penalties those suits generate. *See Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013). Conversely, there is no indication that section 17500 plaintiffs can recover any of the fines that statute describes.[3] The cases Defendant cites discussing civil penalties in the context of California's Song-Beverly Act are also inapplicable because the civil penalties provision in that statute clearly permits prevailing plaintiffs to recover such penalties. *See* Cal. Civ. Code § 1747.08(e).

Defendant also cites to a previous decision wherein this Court saw "no reason why [certain] fines, when sought as part of a civil action, should be ignored for jurisdictional purposes." *Vasquez v. Sugar Foods Corp.*, 2011 U.S. Dist. LEXIS 165501, at *3 n.2 (C.D. Cal. June 23, 2011). That decision, however, involved California Labor Code section 1103, not Business and Professions Code section 17500. The Court decided to consider section 1103 fines for jurisdictional purposes after concluding that they were "inextricably linked" to the civil action in light of Labor Code section 1105's statement that "[n]othing in this chapter shall prevent the injured employee from recovering damages from his employer for injury suffered through a violation of this chapter." *Id.* (citing Cal. Lab. Code § 1105). Defendant has not identified a similar justification for finding section 17500's fines to be inextricably linked to

---

[3] Moreover, it is far from clear what amount of civil penalties federal courts may consider for amount in controversy purposes in PAGA actions. Many courts have held that courts may only consider *the named plaintiff*'s share of the civil penalties in such cases. *See, e.g., Van Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1069 (N.D. Cal. 2018); *Lopez v. Ace Cash Exp., Inc.*, 2015 WL 1383535, at *4–5 (C.D. Cal. 2015); *Willis v. Xerox Business Services, LLC*, 2013 WL 6053831 (E.D. Cal. 2013). Accordingly, even if PAGA was the persuasive analog that Defendant appears to contend that it is, Hassler's share of the section 17500 fines alone would almost certainly fall far short of the $5 million threshold.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-4125-DMG (MAAx) | Date | August 30, 2019 |
|---|---|---|---|
| Title | *Jennifer O'Neil v. The Kroger Company* | Page | 5 of 6 |

O'Neil's claims.

Finally, Defendant cites to *Moss v. Infinity Ins. Co.*, which, without any analysis, decided to consider section 17500 fines for jurisdictional purposes. 2015 U.S. Dist. LEXIS 141311, at *9 (N.D. Cal. Oct. 15, 2015). As an unpublished district court case without any on-point reasoning, that decision carries little persuasive value. Given the weight of authority that runs counter to *Moss*, the Court respectfully disagrees with that case's conclusion.

\* \* \*

In sum, Defendant has failed to adequately support its speculative valuations of Plaintiff's restitutionary or injunctive relief, and it has not established that the Court should consider section 17500 fines for amount in controversy purposes. Defendant has therefore failed to demonstrate the Court's jurisdiction over this action.

**B.    Attorney's Fees**

Plaintiff seeks an award of attorneys' fees and costs under 28 U.S.C. section 1447(c). Plaintiff may obtain an award of fees under section 1447(c), when "the removing party lack[s] an objectively reasonable basis" for believing that removal was proper. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (decision to award fees "should turn on the reasonableness of the removal"). Removal is not objectively unreasonable, however, "solely because the removing party's arguments lack merit." *Lussier*, 518 F. 3d at 1065.

Although Defendant has failed to show that the Court has jurisdiction over this class action, it did not lack an objectively reasonable basis for removing the action and opposing Plaintiff's MTR given its apparent good-faith belief that section 17500 fines are "in controversy" and the fact that the putative class has "many thousands" of members. *See* Compl. at ¶ 34. Awarding attorneys' fees would be inappropriate in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

| | |
|---|---|
| Case No. **CV 19-4125-DMG (MAAx)** | Date **August 30, 2019** |
| Title *Jennifer O'Neil v. The Kroger Company* | Page **6 of 6** |

## IV.
## CONCLUSION

The Court **GRANTS** Plaintiff's MTR, but **DENIES** her request for attorneys' fees and costs. Given the Court's ruling on this motion, it also **DENIES**, without prejudice, Defendant's pending Motion to Dismiss [Doc. # 19] as moot. This action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**